**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



ARCADIO MOLINA-GARCIA,

          Petitioner,

  v.

MERRICK B. GARLAND, Attorney
General,

          Respondent.

No.   17-70321

Agency No. A205-671-859

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 15, 2022[**]
Las Vegas, Nevada

Before: RAWLINSON and BENNETT, Circuit Judges, and COGAN,[***] District
       Judge.

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Brian M. Cogan, United States District Judge for the
Eastern District of New York, sitting by designation.

Arcadio Molina-Garcia (Molina-Garcia), a citizen of Mexico, petitions for review of the denial of his application for asylum. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

"We review de novo the BIA's [Board of Immigration Appeals'] determinations on questions of law and mixed questions of law and fact," but "[w]e review for substantial evidence the BIA's factual findings." *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241-42 (9th Cir. 2020) (citation omitted). Under substantial evidence review, "[t]o reverse[,] we must find that the evidence not only *supports* that conclusion, but *compels* it." *Zheng v. Holder*, 644 F.3d 829, 835 (9th Cir. 2011) (citation and alterations omitted) (emphases in the original).

When the BIA conducts its own review of the evidence and the law, we limit our review to the BIA decision. *See Hosseini v. Gonzales*, 471 F.3d 953, 957 (9th Cir. 2006), *as amended*.

Molina-Garcia challenges the determination that he failed to satisfy the "changed circumstances" exception to the one-year deadline for filing an asylum application, and the determination that he lacked a well-founded fear of persecution based on a protected ground. *See Tamang v. Holder*, 598 F.3d 1083, 1088 (9th Cir. 2010) (recognizing the one-year filing deadline and changed circumstances exception).

**1.** The BIA reached the merits of Molina-Garcia's asylum claim and concluded that he failed to establish eligibility for asylum. Because the BIA declined to address whether Molina-Garcia's asylum application was time-barred, we focus our review on the merits of Molina-Garcia's asylum claim. *See Diaz-Reynoso v. Barr*, 968 F.3d 1070, 1075 (9th Cir. 2020) ("Our review is limited to those grounds explicitly relied upon by the BIA. . . .") (citation and alteration omitted).

**2.** Substantial evidence supports the BIA's determination that Molina-Garcia failed to establish a nexus between any fear of harm and his familial relationship to landowners in Mexico.[1]

An applicant seeking asylum because of persecution or a well-founded fear of persecution on account of a particular social group "must demonstrate a nexus between [his] past or feared harm and a protected ground." *Garcia v. Wilkinson*, 988 F.3d 1136, 1143 (9th Cir. 2021) (citation omitted).

---

[1] Molina-Garcia waived review of the BIA's denial of asylum based on imputed political opinion and his proposed social groups of "young Mexican men who have previously resisted gang recruitment," and "Mexicans who fear kidnapping or violence due to long-term residence in the United States or family ties in the United States," because he failed to address these grounds in his Opening Brief. *See Martinez-Serrano v. I.N.S.*, 94 F.3d 1256, 1259 (9th Cir. 1996).

Molina-Garcia testified that his father owned "two homes and two lots of land." Molina-Garcia feared that gang-members would impute the land ownership to him and "want to beat [him] up." When asked if his father had been approached by gangs or whether anyone had tried to extort money from him for owning land, Molina-Garcia responded "No." Although Molina-Garcia testified that other family members had been robbed, he did not establish that the perpetrators' motivation for the robberies was related to his father's land ownership. For these reasons, substantial evidence supports the denial of asylum. *See Gormley v. Ashcroft*, 364 F.3d 1172, 1177 (9th Cir. 2004) (holding that fears stemming from isolated criminal acts do not provide a basis for relief).

**3.** Because Molina-Garcia failed to address in his Opening Brief withholding of removal and relief under the Convention Against Torture, he has waived any objection to the denial of these claims. *See Martinez-Serrano*, 94 F.3d at 1259.

**PETITION DENIED**.